IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NOS.: 7:24-CR-2 (WLS-TQL-1) |
| | : | |
| EDGAR HERNANDEZ-MARES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

On August 29, 2024, the Court held a hearing on the United States Probation Office's Petition ("the Petition") (Doc. 1-4) to revoke Defendant Edgar Hernandez-Mares's ("Defendant") supervised release in Case No. 7:24-cr-2, and to sentence Defendant for another criminal charge before the Court. Case No. 7:23-cr-69. This Order memorializes the revocation portion of that hearing.

Previously, Defendant pleaded guilty to Count I of an Indictment (Doc. 1) filed in the United States District Court for the Middle District of Texas, which was for Illegal Re-entry. Defendant was sentenced on October 27, 2022, to six months to be followed by a supervised release period of two years complying with the mandatory, standard, and special conditions of supervision. (Doc. 1-3). Defendant's supervision began on March 28, 2023. On August 3, 2023, the United States Probation Office ("USPO") petitioned the United States District Court for the Middle District of Texas for a warrant or summons (Doc. 1-4) ("the Petition"). The Petition alleged that Defendant violated the conditions of his supervised release on two (2) occasions. Defendant's criminal case was transferred from the Southern District of Texas to this Court on February 26, 2024. (Doc. 1).

At the revocation hearing held on August 29, 2024, Defense Counsel acknowledged that Defendant had been provided with a copy of the Petition for revocation and that Defendant had reviewed it with Counsel. The Court advised Defendant of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to

testify. Defendant was also advised that he was not required to testify or present a defense and whether he would testify was his decision—all of which Defendant acknowledged he understood. The Court also confirmed from Defendant that he had received the Petition (Doc. 1-4) and Revocation Report (Doc. 14) and reviewed them. Defendant stated that he had spoken to Counsel and wished to stipulate to the alleged violations. The Court also found that Defendant's waiver of a hearing on the Petition was freely, knowingly, and voluntarily done.

Because Defendant stipulated to the alleged violations, the Court founds that the violation in the Petition had been established by a preponderance of the evidence. The Court then declared Defendant's supervised release revoked.[1] Once the violations had been established, the Court heard from the Government and Defense counsel. Neither the Government nor Defendant objected to the Revocation Report.

The Court determined Defendant's U.S. Sentencing Guidelines range to be 5–11 months based on Defendant's Grade C violation and a Criminal History Category of III. Based on the totality of circumstances in this case and the factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court sentenced Defendant to three (3) months in the custody of the Bureau of Prisons to run consecutively to the sentence the Court imposed in Defendant's other criminal case. Case No. 7:23-cr-69. The Court found a downward departure warranted given the 21 month sentence the Court imposed in that other case. Additionally, the Court found this sentence appropriate under the totality of the circumstance to reflect the seriousness of Defendant's conduct, promote respect for the law, provide adequate deterrence of criminal conduct, and to protect the public. No term of supervised release is to follow the sentence.

For the aforementioned reasons, the Petition (Doc. 1-4) is **GRANTED**, and Defendant's term of supervised release is **REVOKED**. Defendant is sentenced to three (3) months of imprisonment, in the custody of the Bureau of Prisons to be served

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.]'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Cope*land, 20 F.3d 412, 414 (11th Cir. 1994). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).

consecutively with the sentence imposed in Case No. 7:23-cr-69. No term of supervised release is to follow either term of imprisonment.

**SO ORDERED**, this 10th day of September 2024.

                                                <u>**/s/ W. Louis Sands**</u>
                                                **W. LOUIS SANDS, SR. JUDGE**
                                                **UNITED STATES DISTRICT COURT**